IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| FELIX OANNY HERNANDEZ FAJARDO, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-26-CV-256-KC |
| PAM BONDI et al., § § § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Hernandez Fajardo's Motion for Temporary Restraining Order ("Motion"), ECF No. 8, requesting that Respondents be enjoined from removing him to Mexico. Hernandez Fajardo is a Cuban citizen. Pet. ¶ 13, ECF No. 1. Hernandez Fajardo is subject to a final order of removal but because he could not be removed, Immigration and Customs Enforcement ("ICE") released him under an Order of Supervision ("OSUP") in 2023. *Id.* ¶ 18–19. On July 9, 2025, Hernandez Fajardo was re-detained. *Id.* ¶ 22.

Generally, when a noncitizen is ordered removed from the United States, they may be detained. 8 U.S.C. § 1231(a)(2)(A). However, detention may only last for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. Thus, the Court ordered Respondents to show cause why Hernandez Fajardo's Petition should not be granted, and subsequently ordered a status report on ongoing removal efforts, which is due March 4, 2026. *See* Feb. 3, 2026, Order, ECF No. 2; Feb. 17, 2026, Order 2, ECF No. 7.

Hernandez Fajardo now asks that Respondents be prevented from removing him to Mexico because he fears for his life if removed. Mot. ¶ 6. Hernandes Fajardo also states that he

has a pending credible fear interview as to Mexico. *Id.* ¶ 20. Thus, by his Motion's own terms, Hernandez Fajardo defeats his claim. It appears that Hernandez Fajardo is being given an opportunity to express a credible fear of removal as to Mexico and there is no indication that he will be removed until that process is complete. *See id.*

Therefore, even assuming that the Court may in some circumstances have jurisdiction to stay a third country removal pending a credible fear determination, Hernandez Fajardo is unlikely to succeed on the merits of this issue because his removal to Mexico is not imminent and removal efforts appear to comport with Respondents' regulations.[1]

Accordingly, the Motion, ECF No. 8, is **DENIED**.

**SO ORDERED**.

**SIGNED** this 3rd day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)). "The last two factors merge when the government is the opposing party." *Nat'l Ass'n for Gun Rights, Inc. v. Garland*, 697 F.Supp.3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).