**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FELIX OANNY HERNANDEZ FAJARDO,** | § § § | |
| **Petitioner,** | § § | |
| v. | § § | **CAUSE NO. EP-26-CV-256-KC** |
| **PAM BONDI et al.,** | § § § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Felix Oanny Hernandez Fajardo's Petition for a Writ of Habeas Corpus, ECF No. 1. Hernandez Fajardo is detained at the El Paso Processing Center in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 29–42.

Hernandez Fajardo is a citizen of Cuba who was granted asylum in the United States on May 28, 1998. *Id.* ¶ 13. It appears that Hernandez Fajardo lost any status he may have had granting him permission to be in the United States following criminal convictions. *Id.* ¶¶ 18–20. Following his last conviction in 2023, Immigration and Customs Enforcement ("ICE") released Hernandez Fajardo under an Order of Supervision ("OSUP"). *Id.* ¶ 19. Then, on July 9, 2025, ICE re-detained Hernandez Fajardo while he appeared in court for an unrelated civil proceeding. *Id.* ¶ 22. ICE has attempted to remove him to Mexico but "Mexico has not provided any documentation" and he has expressed fear of removal into Mexico. *Id.* ¶¶ 23–25. Hernandez Fajardo has now been detained for about eight months.

On February 3, 2026, the Court found that "[i]f these allegations are true, Hernandez Fajardo likely meets his burden of proving 'good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future.'"  Feb. 3, 2026, Order 3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).  Respondents had to "rebut this showing by either demonstrating that Hernandez Fajardo's removal is likely in the reasonably foreseeable future or deporting him."  *Id.*

In Response, ECF No. 4, Respondents stated that, on May 25, 2025, Cuba refused to accept Hernandez Fajardo for repatriation.  Resp. Ex. A ("Molina Decl.") ¶ 13, ECF No. 4-1. But that Respondents renewed their request with the Cuban government and that "a nomination response from the Cuban government" remained pending on November 6, 2025, and January 12, 2026.  *Id.* ¶¶ 22, 25.  Also in November, Respondents had a "fear packet pending to be sent to USCIS for third country screening" which had been pending internally for four months.  *Id.* ¶ 23. Although Respondents "had no indication that Hernandez Fajardo [could] be removed to Cuba", the Court noted that it appeared that Respondents were taking steps to effectuate Hernandez Fajardo's removal.  *See* Feb. 17, 2026, Order 2, ECF No. 7.  Thus, the Court ordered Respondents to file an additional status report providing the status of the "nomination response" with Cuba, the status of the third country fear packet, and an anticipated timeline for Hernandez Fajardo's removal.  *Id.*  In doing so, the Court cautioned Respondents that "they must continue to take concrete steps towards removing Hernandez Fajardo."  *Id.*

In response to the Court's February 17 Order, Respondents stated that Cuba once again declined to accept Hernandez Fajardo.  Status Report Ex. A ("Salazar Decl.") ¶ 5, ECF No. 11. But that U.S. Citizenship and Immigration Services issued a "negative fear finding as to Mexico."  *Id.* ¶ 6.  Thus, "ERO El Paso will again attempt removal to Mexico on March 6, 2026."  *Id.* ¶ 10.  Because Respondents provided a concrete date for removal, the Court ordered an additional status report.  Mar. 5, 2026, Order, ECF No. 12.

March 6 has now passed, and Hernandez Fajardo "has not been removed due to his failure to comply with third country removal to Mexico." Advisory, ECF No. 14. Respondents do not detail any additional efforts to remove Hernandez Fajardo, nor do they provide an anticipated timeline for removal. *See generally id.* Ex. A ("Tello Decl."), ECF No. 14-1. Instead, Respondents state they "intend[] on presenting the case for prosecution for 8 U.S.C. [§] 1253(a)." *Id.* ¶ 8.

In sum, Respondents have not shown any reasonable likelihood of removing Hernandez Fajardo to Cuba. *See generally id.* Nor have they taken any steps to remove him to any country other than Mexico. *See generally id.* It remains unclear whether Respondents have an agreement with the Mexican government that would allow them to remove Hernandez Fajardo to that country without his consent. *See id.* ¶¶ 5–7. As for Respondents' intention to present Hernandez Fajardo's case for criminal prosecution, the Court expresses no opinion as to the propriety of such prosecution. Nevertheless, because Respondents appear to be making some continued efforts to remove Hernandez Fajardo to Mexico, the Court affords Respondents a final opportunity to do so. If Respondents are unable to lawfully remove Hernandez Fajardo in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Araya Mogos v. Thompson*, No. 5:26-cv-740-JKP, 2026 WL 475079, at *6 (W.D. Tex. Feb. 13, 2026) ("When there has been a long period of time between an issued supervision order (in this case more than seven years) and being taken into custody; no removal plan in place at the commencement of detention; an initial lack of explanation for detention; an unrealized, after-the-fact contention that the Government intends to expeditiously remove the petitioner; and no immigration proceedings concerning removal to a third country, the circumstances demonstrate

that there is no substantial likelihood that Petitioner's removal is reasonably foreseeable."); *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at \*5–6 (W.D. Tex. Oct. 24, 2025) (similar).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds.  The Court **ORDERS** that, <u>on or before March 25, 2026</u>, Respondents shall either (1) **REMOVE** Hernandez Fajardo from the United States through lawful means; or (2) **RELEASE** Hernandez Fajardo from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before March 25, 2026</u>, Respondents shall **FILE** notice informing the Court whether Hernandez Fajardo has been removed from the country.  If Hernandez Fajardo has not been removed from the country, Respondents shall inform the Court whether Hernandez Fajardo has been released from custody in compliance with this Order.

**<u>Barring exceptional circumstances, there will be no extensions of the March 25, 2026, deadlines</u>.**

**SO ORDERED**.

**SIGNED this 11th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE